**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000663**
**24-APR-2019**
**09:13 AM**

NO. CAAP-18-0000663

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY,
a Hawai‘i Nonprofit Corporation, Plaintiff/Counterclaim-
Defendant/Appellant, v. BANK OF HAWAII, A Hawai‘i Corporation,
Successor by Merger with HAWAIIAN TRUST COMPANY, LIMITED,
as Trustee of that Certain Unrecorded Trust Agreement
Dated June 6, 1974, as amended,
Defendant/Counterclaim-Plaintiff/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-1104)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Hiraoka, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff/Counterclaim-Defendant/ Appellant Association of Apartment Owners of Discovery Bay's (AOAO Discovery Bay) appeal from the Honorable Gary W.B. Chang's July 26, 2018 interlocutory order denying AOAO Discovery Bay's amended motion for partial summary judgment as to Count 1 of AOAO Discovery Bay's five-count complaint and both counts in Defendant/Counterclaim-Plaintiff/Appellee Bank of Hawaii's (Bank of Hawaii) two-count counterclaim, because the July 26, 2018 interlocutory order is not an independently appealable order.

In the instant case, the July 26, 2018 interlocutory order does not adjudicate any of the parties' multiple claims. HRS § 641-1(a) authorizes appeals from civil circuit court cases

to the Hawai'i Intermediate Court of Appeals when a party appeals from "final judgments, orders, or decrees[.]" Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Further, Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document[,]" and no separate judgment has been filed in this case.

Absent an appealable final judgment under the circumstances of the instant case, the only possible way for the July 26, 2018 interlocutory order to be eligible for immediate appellate review under HRS § 641-1(a) is by way of the collateral order doctrine. The Supreme Court of Hawai'i has held that under the collateral order doctrine "orders compelling arbitration remain appealable under Hawai'i's final judgment statute, HRS § 641." County of Hawai'i v. Unidev, LLC, 129 Hawai'i 378, 392, 301 P.3d 588, 602 (2013) (citation omitted); Siopes v. Kaiser Foundation Health Plan, 130 Hawai'i 437, 446 n.12, 312 P.3d 869, 878 n.12 (2013). Nevertheless, the Supreme Court of Hawai'i has also observed that it "must construe the collateral order doctrine narrowly and be parsimonious in its application." Siangco v. Kasadate, 77 Hawai'i 157, 162, 883 P.2d 78, 83 (1994). Otherwise, "[a]llowing widespread appeals from collateral orders would frustrate the policy against piecemeal appeals embodied in HRS § 641-1." Id.

The July 26, 2018 interlocutory order does not expressly compel arbitration. Although the July 26, 2018 interlocutory order reflects the circuit court's present reluctance to summarily adjudicate a subset of the parties' claims in light of an arbitration provision in a relevant document, the function of the July 26, 2018 interlocutory order is to expressly deny AOAO Discovery Bay's amended motion for partial summary judgment as to Count 1 of AOAO Discovery Bay's five-count complaint and both counts in Bank of Hawaii's two-count counterclaim, without expressly compelling arbitration.

Absent language expressly compelling arbitration, the July 26, 2018 interlocutory order is not immediately appealable under HRS § 641-1(a) and the collateral order doctrine. In the absence of a final judgment, AOAO Discovery Bay's attempt to obtain immediate appellate review of the July 26, 2018 interlocutory order is premature. We lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000663 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 24, 2019.

Presiding Judge

Associate Judge

Associate Judge

3